IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLINT CARMICHAEL, | ) | Case No. 8:10-cv-00212 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S BRIEF IN SUPPORT** |
| vs. | ) | **OF ITS MOTION FOR** |
| | ) | **MORE DEFINITE STATEMENT** |
| JP MORGAN CHASE, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Defendant JPMorgan Chase Bank, N.A. ("JPMorgan Chase" or "Defendant"), by and through its undersigned counsel, and respectfully moves the Court for an Order requiring Plaintiff for a more definite statement. In support of said Motion, Defendant submits the following Brief.

    A.    The Law Applicable to This Motion

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading which sets forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This critical threshold requirement is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) quoting *Conley v. Gibson*, 355 U.S. 41 (1957).

On the other hand, Rule 8(b)(1)(B) requires a defendant to either "admit or deny the allegations against it." Where a defendant intends in good faith to deny only a part of an allegation, it must specify so much of it as is true and material and deny only the remainder. Fed.R.Civ.P. 8(b)(4). Unless a defendant intends in good faith to controvert all the averments of a pleading, it must make its denials as specific denials of designated averments or paragraphs. F.R.C.P. 8(b)(2)-(4).

Where allegations of fraud or mistake are involved, Rule 9(b) of the Federal Rule of Civil Procedure requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake."  The Federal Rules of Civil Procedure further require that *all* allegations of a claim "be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed.R.Civ.P. 10(b).

Although *pro se* pleadings are to be construed liberally, *pro se* litigants are not excused from compliance with relevant rules of the procedural and substantive law. *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir.1983). *Pro se* litigants are bound by the same rules of practice and procedure as parties who have attorneys. *Chao v. Patrinos*, No. 8:06V23, 2007 WL 1217899 at *2 (D.Neb. April 9, 2007). Clearly, when pleadings—even *pro se* pleadings—do not comply with the Federal Rules of Civil Procedure, they are the proper subject of a motion for more definite statement.

**B.    Application of the Law to Plaintiff's Complaint**

Due to his failure to discharge his obligations under the applicable Federal Rules of Civil Procedure, Plaintiff has rendered it impossible for JPMorgan Chase to respond to his Complaint. The 28-page Complaint, which includes a proposed Order in the middle of it, is anything but "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2).  At times, the Complaint is incomprehensible legalese.  The Complaint consists of over 711 numbered lines of text referring to purported criminal and civil "causes," "claims," and "causes of action" against various unidentified individuals.  Moreover, none of the "causes," "claims," and "causes of action" are individual counts separated by numbered paragraphs with facts supporting each particular cause of action, as required by Rule of Civil Procedure 10(b).  It is entirely unclear whether some or all of the "causes," "claims," and "causes of action" are actually counts against JPMorgan.

OM 86433.1

For example, although JPMorgan is the only named Defendant, the Complaint sets forth "claims" for "fraudulent inducement" and "truth in lending statement variances" against "Lender." (Filing No. 1 at lines 261 and 309)  The Complaint also discusses a "cause of action" for breach of fiduciary duty against "Defendants Agent, appraiser, trustee, Lender, et al."  (Filing No. 1 at line 569)  Yet, nowhere in the Complaint does it identify "Agent," "Agents," "appraiser," "trustee," or "Lender" so as to give JPMorgan Chase notice of whether any purported "claim" or "cause of action" applies to it.

Even assuming JPMorgan is the "Agent," "Agents," "appraiser," "trustee," or "Lender," the Complaint lacks the particularly required by Rule 9(b) of the Federal Rules of Civil Procedure to assert certain claims.  To satisfy Rule 9(b)'s requirement that fraud be pleaded with particularity, a complaint must allege "the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.  In other words, the complaint must plead the 'who, what, where, when and how' of the alleged fraud." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir.2009).  Plaintiff's Complaint attempts to assert a claim for common law fraud based on misrepresentations made by "Agents."  (Filing No. 1 at lines 569-580)  However, the Complaint does not disclose who the "Agents" are, what the misrepresentations were, or where, when and how the misrepresentations were made.  The absence of such fundamental allegations only adds to the perplexity of Plaintiff's Complaint.

Equally confusing are the multiple references to "the promissory note" (Filing No. 1 at line 233), "the mortgage" (Filing No. 1 at line 237), "the security instrument" (Filing No. 1 at line 285), "the lien" (Filing No. 1 at line 289), and "the loan" (Filing No. 1 at line 582) in the Complaint.  The Complaint makes multiple references to these instruments, but fails to disclose any details about

OM 86433.1

them, such as the date they were created or the parties to them.  Without this most basic information, JPMorgan Chase simply cannot adequately respond to or defend the Complaint.

In short, the Complaint is unduly lengthy, ambiguous, incomprehensible, and completely devoid of any facts from which JPMorgan Chase could reasonably respond.  As such, JPMorgan Chase respectfully requests that the Court order Plaintiff to file an Amended Complaint in order to furnish a more definite statement of his claims against it, and dismissing Plaintiff's Complaint, with prejudice, if he fails to provide a more definite statement that complies with the Federal Rules of Civil Procedure.

Dated this 23rd day of July, 2010.

> Respectfully submitted,
>
> SPENCER FANE BRITT & BROWNE LLP
>
>
> By: /s/  Joshua C. Dickinson
> Joshua C. Dickinson, # 23700
> Aimee C. Bataillon, #22190
> 9420 Underwood Ave., Suite 200
> Omaha, NE  68114
> (402) 965-8600
> (402) 965-8601 FAX
> jdickinson@spencerfane.com
> abataillon@spencerfane.com
> ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Nebraska, with notice of case activity generated this 23rd day of July, 2010. A copy was served on the Plaintiff, by first class U.S. Mail, addressed to him as follows:

Clint Carmichael
12602 N. 189th Circle
Bennington, NE 68007

> /s/  Joshua C. Dickinson

OM 86433.1