IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLINT CARMICHAEL, | ) | Case No. 8:10-cv-00212 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S ANSWER** |
| vs. | ) | **AND AFFIRMATIVE DEFENSES** |
| | ) | |
| JP MORGAN CHASE, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, JP Morgan Chase Bank, N.A. ("Defendant"), by and through its undersigned counsel, admits, denies, and alleges as follows for its Answer to Plaintiff's Original Petition in the above-captioned matter:

## PARTIES

1.  Defendant admits that Plaintiff is Clint Carmichael, that Defendant is JP Morgan Chase and does business at 270 Park Avenue, New York, New York 80111, and that Steffi A. Swanson of 1902 Harlan Drive, Suite A, Bellevue, Nebraska 68005 is one of Defendant's attorneys. Defendant denies the remaining allegations in lines 12 through 15 of Plaintiff's Original Petition.

## ALLEGED STATEMENT OF CAUSE

2.  Defendant admits that Plaintiff entered into a consumer contract for the refinance of a residence located at 12602 North 189th Circle, Bennington, Nebraska 68007. Defendant denies the remaining allegations and characterizations in lines 17 through 32 of Plaintiff's Original Petition.

## IN BRIEF

*(Non-factual Statement of Posture and Position)*

3.   Defendant denies the allegations and characterizations in lines 35 through 51 of Plaintiff's Original Petition.

## ALLEGED CAREFULLY CRAFTED CRIMINAL CONNIVANCE

*(General State of the Real Estate Industry)*

4.   Defendant denies the allegations and characterizations in lines 54 through 154 of Plaintiff's Original Petition.

## PETITIONER WILL ALLEGEDLY PROVE THE FOLLOWING

5.   Defendant denies the allegations and characterizations in lines 156 through 190 of Plaintiff's Original Petition.

## PETITIONER ALLEGEDLY SEEKS REMEDY

6.   Defendant denies the allegations and characterizations in lines 192 through 203 of Plaintiff's Original Petition.

## PURPORTED STATEMENT OF CLAIM

7.   Defendant denies the allegations and characterizations in lines 205 through 536 of Plaintiff's Original Petition.

## PURPORTED CAUSES OF ACTION

8.   Defendant denies the allegations and characterizations in lines 538 through 618 on pages 20 through 22 of Plaintiff's Original Petition.

9.   To the extent lines 712 through 736 on page 23 of Plaintiff's Original Petition contain any allegations or characterizations, Defendant denies them.

10. Defendant denies the allegations and characterizations in lines 619 through 647 on page 24 of Plaintiff's Original Petition.

11. To the extent lines 689 through 711 on page 25 of Plaintiff's Original Petition contain any allegations or characterizations, Defendant denies them.

12. Defendant denies the allegations and characterizations in lines 648 through 664 on page 26 of Plaintiff's Original Petition.

## PRAYER

13. Lines 666 through 684 on pages 26 and 27 of Plaintiff's Original Petition contain a prayer for relief requiring no response from Defendant. To the extent a response is required, Defendant denies the allegations and characterizations in lines 666 through 684 on pages 26 and 27 of Plaintiff's Original Petition.

## JURY TRIAL DEMAND

Defendant demands a jury trial on all issues triable by jury.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Original Petition fails to state a claim upon which relief may be granted.

2. Plaintiff's damages, if any, are barred to the extent he failed to take reasonable care to mitigate any such damages.

3. Plaintiff's damages, if any, are barred to the extent he consented, expressly and/or impliedly, to any acts or conduct as may be shown on the part of Defendant.

4. Plaintiff's claim for punitive damages is barred.

5. Plaintiff is barred from asserting any cause of action against Defendant by the equitable doctrine of unclean hands on the part of Plaintiff.

6. Plaintiff has failed to join necessary and/or indispensable parties.

7.     Plaintiff's breaches and failures to perform have caused Defendant to suffer damages, which when calculated, should be set off against Plaintiff's damages, if any.

8.     Under recognized principles of federal law, this Court should abstain from hearing this matter.

WHEREFORE, having fully answered Plaintiff's Original Petition, Defendant respectfully requests that the Court dismiss Plaintiff's Original Petition, enter judgment for Defendant, and, if available, award Defendant its costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Dated this 25th day of October, 2010.

>                                JP MORGAN CHASE, N.A., Defendant
>
>
> By:  s/ Joshua C. Dickinson
>      Joshua C. Dickinson, Bar Number 23700
>      Aimee C. Bataillon, Bar Number 22190
>      Attorneys for Defendant
>      Spencer Fane Britt & Browne LLP
>      9420 Underwood Avenue, Suite 200
>      Omaha, NE 68114
>      Telephone:  (402) 965-8600
>      Fax:  (402) 965-8601
>      E-mail:  jdickinson@spencerfane.com
>               abataillon@spencefane.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Nebraska, with notice of case activity generated this 25th day of October, 2010. A copy was served on the Plaintiff, by first class U.S. Mail, addressed to him as follows:

Clint Carmichael
12602 N. 189th Circle
Bennington, NE 68007

>                                s/ Joshua C. Dickinson